UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| |
|---|
| JEFFREY KAPLAN,<br><br>Plaintiff,<br><br>-against-<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. |

**MEMORANDUM AND ORDER**
Case No. 1:24-CV-04882

*Appearances:*
*For the Plaintiff:*
LINDSAY M. TRUST
OSBORN LAW P.C.
43 West 43rd Street, Suite 131

*For the Defendants:*
JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York
By: DANIELLA M. CALENZO
Special Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

Lindsay M. Trust, counsel for Jeffrey Kaplan moves for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) ("§ 406(b)"). Though the Commissioner of Social Security ("Commissioner") does not object to the motion, the Court must determine whether the amount of fees requested is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 809 (2002).

Kaplan filed suit in this Court challenging the Commissioner's decision to reject his application for disability insurance benefits under the Social Security Act. Dkt. 1. Kaplan initially retained Daniel A. Osborn of Osborn Law, P.C., and entered a contingency fee arrangement with him, whereby they agreed that Osborn's fee would be 25% of retrospective benefits payable to Plaintiff, offset by fee awards pursuant to the EAJA. Dkt. 15-1, Ex. 1. The parties stipulated that the Court reverse and remand the Commissioner's final decision on

December 3, 2024. Dk. 8-1. On March 5, 2025, the parties stipulated that Plaintiff be awarded $6,425.00 in attorney fees and expenses under the Equal Access to Justice Act ("EAJA"), and counsel was paid that amount. Dkt. 13. On remand to the Social Security Administration, an Administrative Law Judge issued a decision finding Kaplan disabled and entitled to benefits. Dkt. 15-1, ¶ 13. On March 23, 2026, the Social Security Administration issued a Notice of Award, setting forth the benefits payable to Kaplan and withholding 25% of his past due benefits—a total of $31,703.50—for attorney's fees. *Id.*, Ex. 4. Plaintiff's counsel received the Notice of Award on April 3, 2026, and moved for award of fees on April 17, 2026.[1] *Id.*, ¶ 16. The same day, Trust entered her appearance as Kaplan's counsel of record. Dkt. 16.

§ 406(b)(1)(A) allows the Court to approve a "reasonable fee … not in excess of 25 percent of the total of the past-due benefits[.]" When a contingency agreement is involved, like here, the Second Circuit has instructed courts to 1) determine whether the contingency percentage is within the 25% cap, 2) whether there has been fraud or overreaching in making the agreement, and 3) whether the requested amount is so large as to be a windfall to the attorney. *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022) (quoting *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990)). Under the "windfall" prong, courts consider 1) the ability and expertise of the lawyers, 2) the nature and length of the professional relationship with Plaintiff, 3) the satisfaction of the Plaintiff, and 4) the uncertainty of the award of benefits and effort it took to achieve that result. *Id.* at 854-55. In doing so, the Second Circuit noted that "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.* at 854.

---

[1] The court determines this motion to be timely. *See Sinkler v. Berryhill*, 932 F.3d 83, 85-87 (2d Cir. 2019) (holding that the fourteen-day time limit in Federal Rule of Civil Procedure 54(d)(2)(B) applies to motions seeking attorney's fees pursuant to § 406(b) but is tolled until "the claimant receives notice of the benefits calculation").

Here, the retainer agreement between Kaplan and Osborn provides for a 25% contingency fee, within the legal limit. Dkt. 15-1, Ex. 1. The Court finds no evidence of fraud or overreaching. Thus, the only question left is whether the $31,703.50 fee constitutes a windfall.

Having considered the above factors, the Court finds that the $31,703.50 fee is not a windfall. Considering Osborn spent 47.9 hours spent on Kaplan's case, an effective hourly rate of $661.87 is comfortably within the range other courts in this circuit have found reasonable. *See Baron v. Astrue*, 311 F. Supp. 3d 633, 637 (S.D.N.Y. 2018) (collecting cases).

Courts order refund of EAJA award to Plaintiff once Plaintiff's counsel succeeds in an award of fees under § 406(b). *See Munoz*, 2023 WL 5310742, at *3.

Accordingly, Plaintiff's motion for attorney's fees in the amount of $31,703.50 is granted. Plaintiff's counsel is ordered to refund to Plaintiff $6,425.00 previously received under the EAJA.

**SO ORDERED.**

_/S/ Frederic Block_____________
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 10, 2026